**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KAEUN KIM,

               Plaintiff,

-against-

THEODORE STEPHENS, II; ALFONSE
CIFELLI; MYRA TARANTINO; JOSEPH
GIODANO; MIRA OHM; JOHN
STRANGFELD; CAROLINE FEENEY;
MICHAEL SACCENTO

               Defendants.



ORDER

21 Civ. 2500 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Kaeun Kim brings this *pro se* action asserting claims under 42 U.S.C. § 1983 and

New Jersey State law. (Complaint, ECF No. 1.) Plaintiff alleges that he is the victim of civil rights

violations at the hands of New Jersey state prosecutors and judges, as well as employees of his

former employer, stemming from an arrest and subsequent criminal case in New Jersey. *(Id.* at 5-

6.) Defendants move this Court to dismiss Plaintiff's complaint or change venue.[1] (Motion to

Change Venue, ECF No. 9; Motion to Dismiss, ECF No. 15.) This Court finds that venue does

not lie in this court pursuant to 28 U.S.C. § 1391 and GRANTS Defendants' motion to dismiss.[2]

---

[1] In considering these motions, this Court will hold the pro se complaint "to less stringent
standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520
(1972).

[2] Plaintiff previously filed two federal suits in New Jersey, in which he named most of the same
individuals that he sues in this action. *See Kim v. Giodano*, No. 2:19-CV-21564 (SDW) (LDW),
2020 WL 2899498, at *5 (D.N.J. June 3, 2020) (granting motion to dismiss claims against
Giordano, Strangefeld, Feeney, and Prudential for wrongful arrest and malicious prosecution); *Kim
v. Prudential Financial*, No. 2:19-CV-19594 (SDW) (LDW), 2020 WL 2899259, at *5 (D.N.J.
June 3, 2020) (granting motion to dismiss first amended complaint, alleging employment
discrimination). While that district appears to be the proper venue for Plaintiff's claims, this Court
declines to transfer venue.

Plaintiff's complaint brings claims against individuals who all ostensibly reside in New Jersey: New Jersey Judges Tarantino and Cifelli, New Jersey Prosecutors Theodore Stephens, II, Mira Ohm, and Joseph Giodano, and three individuals (John Strangefeld, Caroline Feeney, and Michael Saccento) who work at Prudential's New Jersey office. (Complaint at 2-3.) The complaint is based on events and criminal proceedings that took place in New Jersey. (*Id.* at 5-8.) The complaint thus fails to meet any of the requirements provided by 28 U.S.C. § 1391 making venue in this Court improper. This case is therefore dismissed.

This court declines to transfer venue, because the complaint also fails to state a claim under Federal Rules of Civil Procedure 12(b)(6). *See Giodano*, 2020 WL 2899498 at *4. New Jersey Superior Court Judges Cifelli and Tarantino, and Essex County prosecutors Giodano, Stephens, and Ohm are immune from suit for the claims against them. *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."); *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (prosecutors are "entitled to absolute immunity for all acts intimately associated with the judicial phase of the criminal process").

Moreover, Prudential President Strangefeld, Vice President Feeney, and Managing Director Saccento are private parties who do not qualify as state actors for purposes of a federal claim under 42 U.S.C. § 1983. *See Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (a § 1983 claim against a private party must show that the party acted "jointly" with state officials).

Additionally, the factual allegations and underlying claims asserted against these Defendants here have already been asserted in previous New Jersey actions, which have been dismissed by those courts. *See Giodano*, 2020 WL 2899498 at *2-4. Thus, as a matter of judicial efficiency and fairness, the complaint is subject to the well-established *res judicata* doctrine.

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) ("*[R]es judicata*…holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

## CONCLUSION

Plaintiff's Complaint is dismissed in its entirety. The Clerk of Court is directed to close the motions, (ECF Nos. 15 and 9), accordingly. [3]

Dated: New York, New York
October 2021
OCT 2 7 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[3] Defendants also moved this court to stay discovery. (Letter Motion to Stay, ECF No. 21.) That motion is rendered moot in light of this Court's dismissal of the complaint. Non-party Prudential's Motion to Quash Plaintiff's Subpoena, ECF No. 30, is GRANTED. The Clerk of Court is directed to close these motions, accordingly.